UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA RIVERA,

    Plaintiff,

v.                                           Case No. 8:10-cv-1019-T-24 AEP

HEALTHCARE SERVICES GROUP, INC.,
and SHARON ADAMS,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant Healthcare Services Group, Inc.'s motion to stay proceedings or to stay discovery due to parallel state court litigation. (Dkt. 7.) Plaintiff opposes the motion. (Dkt. 9.)

**I.    Background**

On December 16, 2009, Plaintiff filed a one-count complaint in state court against Defendant Healthcare Services Group, Inc. ("HSG"), her former employer, in which she asserts a claim for retaliation under the Florida Civil Rights Act ("FCRA"). That case is currently in the discovery phase of litigation.

Four months later, on April 29, 2010, Plaintiff filed the instant lawsuit in federal court against HSG and Defendant Sharon Adams, her former supervisor. Plaintiff's federal complaint is nearly identical to, and contains the same factual allegations as those contained in, her state court complaint. The only differences between the two complaints are that, in her federal complaint, Plaintiff asserts a claim for retaliation under Section 1981, rather than the FCRA, and in her federal complaint, Plaintiff has sued Defendant Adams in addition to HSG.

In the instant motion, HSG requests that this Court stay this case or stay discovery in this case until the state court proceeding is resolved because the state court action is based on the same underlying facts and is the first-filed action. Plaintiff responds that she is entitled to pursue her separate federal and state rights in separate forums, and as such, a stay is not warranted.

## II. Discussion

The *Colorado River* doctrine authorizes a stay of an action where there is a concurrent proceeding in a state court and where a stay is warranted by principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The *Colorado River* analysis "is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). The parallel proceedings do not have to involve identical parties, issues, and requests for relief. *Id.* at 1329-30. In this case, that threshold is easily crossed. Plaintiff has named only one additional defendant in her federal suit–her supervisor, Defendant Adams. And, she has not asserted any additional facts against Adams that would differentiate her claims against the two defendants. The two complaints are virtually identical.

Once the threshold matter of substantial congruence between the state and federal cases is established, courts must consider whether there are "exceptional circumstances" that justify a federal court's decision to abstain from exercising its jurisdiction and to yield to the jurisdiction of the state court. *Id.* at 1328. The Eleventh Circuit has recognized six factors that courts must consider in assessing whether abstention is proper. Those factors include:

2

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331.[1] The Court must weigh these factors with a heavy bias "in favor of the exercise of jurisdiction." *Id.* at 1332. No one factor is dispositive; rather, "the factors must be considered flexibly and pragmatically, not as a mechanical checklist." *Id.*

In this case, the *Colorado River* factors weigh in favor of abstention. The first (assumption of jurisdiction over property) and second (relative inconvenience of fora) factors are inconsequential. Neither forum has taken jurisdiction over property, and both forums are equally convenient to the parties, as both courts are located in Hillsborough County, where the parties reside and do business.

The third factor considers the potential for piecemeal litigation. The Eleventh Circuit has taken a cautious position on this factor, emphasizing that it "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* at 1333. District courts within the circuit have found that, when identical litigation is filed in both the federal and state courts, the duplicative proceedings would be unduly excessive. *See Rambaran v. Park Square Enters., Inc.*, No. 6:08-cv-247, 2008 U.S. Dist. LEXIS 71538, at *12-13 (M.D. Fla. Sept. 22, 2008) (listing cases).

Here, the factual claims in Plaintiff's state and federal cases are exactly the same.

---

[1] Additionally, courts consider whether the later filed litigation is vexatious or reactive in nature, and "whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Id.* at 1331. These factors are inconsequential because the record does not show that Plaintiff's decision to file suit in federal court was vexatious in nature, and this case does not involve a federal statute that evinces a policy favoring abstention.

Plaintiff has essentially dragged HSG into two different courts for identical lawsuits. This causes unnecessary inconvenience and expense and raises a distinct danger of duplicative, piecemeal litigation. *See id.* As explained by the Seventh Circuit Court of Appeals:

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

*Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985). Therefore, the third factor favors abstention.

Under the fourth *Colorado River* factor, the Court must consider the order in which the fora obtained jurisdiction. This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Ambrosia Coal & Constr. Co.*, 368 F.3d at 1333. When analyzing this factor, courts consider its underlying purpose: the avoidance of forum shopping and collateral estoppel. One district court explained:

> [T]o permit both state and federal suits to go forward would lead to forum shopping by encouraging Plaintiff to simply choose a second court if he becomes unhappy with the first. Deferring jurisdiction to the court where the case was first filed protects the neutrality of the federal system and is consistent with long-standing judicial notions of issue and claim preclusion.

*Sides v. Simmons*, No. 07-cv-80347, 2007 U.S. Dist. LEXIS 82833, at *3 (S.D. Fla. Nov. 7, 2007). Another court similarly noted:

> [B]ecause Plaintiffs' federal and state actions are identical, an earlier decision in one court will likely bind the parties in the other under preclusion principles. This raises two problems. First, a party may try to accelerate or stall proceedings in one of the forums to ensure the more "favorable forum" rules first on an issue . . . . Second, the possibility exists that either forum will enter a ruling unaware that

4

> the other forum already ruled. In such a case, the forum that loses the race will
> have engaged in an unseemly and grand waste of efforts.

*Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1344, n.14 (S.D. Fla. 1999) (citations and quotations omitted).

There have been very few substantive filings in this case: the complaint, the answer, and the instant motion to stay. Discovery has not yet commenced, and deadlines have not yet been set pursuant to a case management and scheduling order. On the other hand, Plaintiff's state court case was filed four months before the federal suit was filed. The docket sheet in the state court case reveals that discovery is well underway. Thus, not only was the state case filed first, but it has progressed further than the proceedings in the instant case.

Furthermore, the Court is concerned that, because the claims are based on the same underlying facts, and the same analytical framework is applied to claims under § 1981 and the FCRA, *see Lawrence v. Wal-Mart Stores, Inc.,* 236 F. Supp. 2d 1314, 1323 n.11 (M.D. Fla. 2002), the state court judgment could preclude further adjudication of Plaintiff's federal case if the state court case results in a judgment before the federal case is resolved. This would result in a tremendous waste of this Court's limited resources. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 84 (1984) (noting that the Constitution's Full Faith and Credit Clause, which requires a federal court to give a state court judgment the same preclusive effect that the state would give to the judgment, addresses "notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources"); *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1394-95 (11th Cir. 1996) (finding that the plaintiff's Lanham Act claim brought in a subsequent federal court proceeding was barred by the plaintiff's claims of trade libel and product disparagement brought in a prior state court proceeding). Accordingly,

the fourth factor also weighs in favor of abstention.

The fifth (whether state or federal law applies) and sixth (adequacy of each forum to protect plaintiff's rights) factors favor neither abstention nor the exercise of jurisdiction. In both cases, Plaintiff asserts a single retaliation claim. The state and federal courts apply same analytical framework to adjudicate retaliation claims under § 1981 and the FCRA. The Court sees no reason why a Florida state court could not fully and fairly adjudicate Plaintiff's retaliation claim.

In conclusion, the Court finds that the balance of factors in this case clearly favors abstention. Plaintiff's state and federal cases are likely to be highly duplicative of one another. Because the cases involve the same facts and the same analytical framework, there is a significant potential for inconsistent judgments if both actions are allowed to proceed. Finally, the state court case was filed first and has proceeded further than the federal case.

## III. Conclusion

Because of the exceptional circumstances that favor deference to the concurrent state court proceedings, the Court finds that a stay of the proceedings in this case would promote wise judicial administration. Accordingly, it is **ORDERED AND ADJUDGED** that HSG's motion is **GRANTED**, and this case shall be **STAYED** pending the litigation of Plaintiff's claim in state court. The parties are directed to notify the Court within thirty days of the final resolution of Plaintiff's case and to inform the Court of any issues that may remain for determination at that time.

Also before the Court is a motion to extend time to respond to the complaint filed by Defendant Sharon Adams, who is proceeding pro se. (Dkt. 11.) Because the Court has stayed

6

this case, the motion is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of June, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record